**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| KARAMELION LLC, | § § § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | |
| ADT LLC, | | **CIVIL ACTION NO. 2:18-CV-00330-JRG** (Lead Case) |
| AT&T DIGITAL LIFE, INC., | | **CIVIL ACTION NO. 2:18-CV-00331-JRG** |
| *Defendants*. | | |

## ORDER ON PROTECTIVE ORDER

Before the Court is the Parties' Opposed Motion for Entry of Stipulated Protective Order (Dkt. No. 31) ("the Motion"). The Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Motion, and separately enters the resulting Protective Order as follows:

### I.     LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that:

[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c). "As a general proposition, a district court can exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (internal citations omitted).

## II.   DISCUSSION

### A. Section I.H.2.a – Contents of the Source Code Room

Plaintiff "requests that the source code room have a landline telephone restricted to only calling outside counsel, and the Producing Party may request to initiate any call to ensure that the call is only made to outside counsel but shall not otherwise listen in on the phone call." (Dkt. No. 31 at 2.) Plaintiff asserts such a landline is necessary because the proposed Protective Order does not permit there to be any outside electronic devices in the source code room; accordingly, the source code expert can only communicate with outside counsel if the expert takes notes, leaves the source code room with the notes, and discusses the source code and notes with outside counsel in a different location. (*Id.*)

Defendants counter-propose that either: (1) Defendant be permitted to place someone inside the room to listen to any phone calls on the proposed landline; or (2) a landline not be permitted in the source code room. (*Id.* at 3.) Defendants argue that being able to listen to any conversation with outside counsel in the source code room is necessary to prevent Plaintiff's reviewer from "read[ing] vast swaths of Defendants' highly confidential source code over the phone." (*Id.*)

The Court finds that permitting Defendants to listen to Plaintiff's expert's protected discussions with counsel would almost certainly be an impermissible violation of privilege. Even if such actions did not violate privilege, the Court finds that nothing in Defendants' proposed language permits any person, whether a representative of Defendant or a third-party, from listening to Plaintiff's expert's communications. (*See* Comparison of Disputed Language, Dkt. No. 31-3 at 2 (Defendants' proposing only that "The Review Computers shall be located in a temperature-controlled room with a telephone ('dedicated landline') that can be restricted to only calling outside counsel"); Defendants' Proposed Protective Order, Dkt. No. 31-2 at 11 (agreeing that "The Producing Party may visually monitor the activities of the Receiving Party's representative(s) during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code; the Producing Party may not monitor what code is being reviewed by the Receiving Party's representative(s) and no provision in this section gives the Producing Party the right to inspect or review any notes and/or other work product of the Receiving Party – and nothing herein shall be construed to make such notes discoverable absent a waiver of attorney-client, work product, or other privilege").)

The Court is not aware of, and neither Party has identified, any other protective order where the source code reviewer was permitted a landline telephone in the source code room. While it may be inconvenient for the source code expert to leave the source code room to confer with counsel, the Court understands that such actions are the typical procedure in cases involving source code. Neither Party has presented a reason for the Court to deviate from such standard practices. Accordingly, the Court **DENIES** the request for a landline phone in the source code room and **STRIKES** the disputed language pertaining to such a request.

### B. Section I.H.2.c – Alleged Breach of Copying Source Code Into Notes

The disputed portion of Section I.H.2.c addresses the protocol if Defendants believe that Plaintiff's source code expert has copied "too much source code into notes." (Dkt. No. 31 at 3.) Plaintiff proposes that Defendants be required to notify Plaintiff's outside counsel, who can then verify whether there has been any violation. (*Id.*) Defendants propose that Defendants be able to seize the allegedly violative notes, place them in a sealed envelope, and then either the Parties or the Court will determine whether any violation has occurred. (*Id.* at 4.)

The Court finds that neither proposal is satisfactory. In the event of a violation of the source code limits, the proper procedure is for the Producing Party to move the Court for an order to show cause as to why the receiving party should not be sanctioned. The Court may then review any evidence, including allegedly violative notes, and determine whether a violation occurred. To permit otherwise would encourage parties to engage in gamesmanship by creating disputes while the source code experts are attempting to work.

As the Court's sample protective order does not expressly contain such a "good cause" provision and neither Party has shown why such a provision should be added, the Court **DENIES** the request to enter such a provision and **STRIKES** the proposed language containing such request.

### C. Section I.H.2.d – Source Code Print Limits

Plaintiff argues that the appropriate limit to source code should be 400 pages per build. Plaintiff argues that source code can be tens or hundreds of thousands of pages and Plaintiff does not know how much source code Defendants will produce. (Dkt. No. 31 at 5.)

Defendants argue that Plaintiff has failed to explain why more than 250 pages of source code are necessary. (*Id.*) Defendants note that the agreed portion of the proposed Protective Order

4

provides that Plaintiff may request additional pages and Defendants "may not unreasonably withhold approval of such a request." (*Id.*)

The Court **REJECTS** both Parties' proposals and finds that 400 pages of printed source code should be sufficient for Plaintiff to analyze Defendants' systems. Should Plaintiff need additional pages, Plaintiff may request additional page limits from Defendants or, should Defendants believe that such request is unreasonable, move the Court for such additional page limits as are necessary.

### D.  Section II.A – Duration of Prosecution Bar

Plaintiff argues that a 1-year prosecution bar is sufficient because the proposed bar includes not only the mesh networks at issue here, "but also includes multi-hop technology, smart home appliances, and home monitoring." (Dkt. No. 31 at 5.) Accordingly, a "1-year bar is sufficient to protect Defendants [and a]ny longer period is unreasonably restricting the practice of law." (*Id.* at 6.)

Defendants argue that a 3-year prosecution bar is reasonable here in order to balance Defendants' "concern of protecting its confidential information and [P]laintiff's concern of efficiently innovating and prosecuting patents." (*Id.* (citing *E-Contact Techs., LLC v. Apple, Inc.*, No. 1:11-cv-426, 2012 U.S. Dist. LEXIS 190475, at *9 (E.D. Tex. June 19, 2012)).) Defendants assert that Plaintiff's "acquir[e] and assert[]" strategy justifies a 3-year prosecution bar.

The Court notes that Plaintiff failed to provide any case asserting that a prosecution bar in excess of one year constitutes the "unreasonabl[e] restrict[ion of] the practice of law." (*Id.*) Balancing the rights of the Defendants to protect their confidential information against the Plaintiff's right to innovate, the Court finds that the quantity and sensitivity of Defendants' confidential and proprietary information indicates that an upward departure of the standard 1-year

prosecution bar is justified. Accordingly, the Court **REJECTS** both Parties' proposals and finds that the Protective Order should contain a 2-year prosecution bar.

### E. Section II.C – Scope of Prosecution Bar

Plaintiff requests the Court's standard prosecution bar, limited to the

> [P]reparation or prosecution of patent applications relating to mesh networks, multi-hop technology, smart home appliances, or home monitoring or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office for the purpose of allowance of any claims, for any patent application, reexamination or reissue application before any domestic or foreign patent office.

(Comparison of Disputed Language, Dkt. No. 31-3 at 9.) Plaintiff argues that such a provision is sufficient to prevent Plaintiff from drafting or amending patent claims to cover confidential information. (Dkt. No. 31 at 6.)

Defendants argue that such a provision is insufficient because Plaintiff is a non-practicing entity. Defendants assert that Plaintiff's attorneys "will obtain Defendants' confidential information, learn how Defendants' proprietary systems operate, and advise [Plaintiff] on which patents to acquire for future assertion campaigns against Defendants," thus defeating the "fundamental purpose of the Protective Order, which is to ensure 'that designated confidential information may be used only for the purpose of the *current* litigation.'" (*Id.* (quoting *In re Deutsche Bank Tr. Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010)).)

The Court is not persuaded that an acquisition bar is needed in this case. Defendants' argument functionally amounts to a request that acquisition bars be imposed in all cases where the plaintiff is a non-practicing entity or otherwise acquires patents. However, being a non-practicing entity does not inherently support a broadened prosecution bar. Instead, the Court will continue to evaluate the needs of the Parties vis-à-vis a protective order on a case-by-case basis. On the facts

presented here, however, the Court finds that such a bar is unnecessary and **ACCEPTS** Plaintiff's proposed language.

### III.   CONCLUSION

The Court **ORDERS** and **APPROVES** of the Parties Proposed Protective Order, with amendments as follows:

- The Court **STRIKES** the language in Section I.H.2.a relating to the landline phone.

- The Court **STRIKES** the language in Section I.H.2.c relating to alleged breach of copying source code into notes

- The Court **AMENDS** Defendants' language in Section I.H.2.d, increasing the printed source code limit from 250 pages to 400 pages.

- The Court **AMENDS** the Parties' language in Section II.A to include a 2-year prosecution bar.

- The Court **STRIKES** Defendants' language in Section II.C relating to the acquisition bar.

**So ORDERED and SIGNED this 24th day of January, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE